IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2191-FL

| CASEY RAFAEL TYLER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| NORTH CAROLINA, | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for summary judgment (DE 12) pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On January 16, 2015, North Carolina Department of Public Safety ("DPS") officials charged petitioner, a state inmate then incarcerated at Scotland Correctional Institution ("Scotland") with the disciplinary offense of disobeying an order, a C03 offense. (Resp't. Ex. 1 (DE-14-1) at 7). Petitioner was given written notice that he would appear before a disciplinary hearing officer ("DHO"). (Id. at 10). On February 10, 2015, the DHO conducted a disciplinary hearing. (Id. at 8). After reviewing the evidence, the DHO determined that petitioner disobeyed the order. (Id.). The DHO hearing record included the following summary:

> INMATE WAS ADVISED OF HIS RIGHTS AND A SUMMARY WAS READ. INMATE PLEAD NOT GUILTY TO THE C03 OFFENSE WITH A SUMMARY AS FOLLOWS. OFFICER D. LEGGETT STATES THAT ON 1-16-15 AT APPROX. 1305 SHE WAS ASSIGNED TO THE GREEN UNIT. INMATE CASEY

TYLER EXITED THE UNIT ATTEMPTING TO ATTEND THE RELIGIOUS SERVICE. HIS NAME WAS NOT ON THE LIST AND HE WAS ORDERED TO RETURN TO THE UNIT. HE REFUSED. WHEN SHE ATTEMPTED TO PLACE HIM IN RESTRAINTS, HE SNATCHED AWAY FROM HER, TURNED TOWARD HER, REMOVED HIS GLASSES, STOOD IN AN AGGRESSIVE MANNER AND STATED, "WHAT, WHAT?" HE TURNED AND WALKED AWAY TOWARD THE CHAPEL. OTHER STAFF THEN PLACED HIM ON THE FLOOR AND HE WAS RESTRAINED AND TAKEN TO RESTRICTIVE HOUSING. INMATE TYLER MADE A WRITTEN STATEMENT. HE REQUESTED A WRITTEN STATEMENT FROM THE "ACCUSING OFFICER." HE REQUESTED VIDEO TAPE OF THE INCIDENT. HE DID NOT REQUEST LIVE WITNESSES, OR STAFF ASSISTANCE. INMATE TYLER MADE A WRITTEN STATEMENT THAT PERTAINED TO THE (SIC) HIM BEING DENIED THE RIGHT TO WORSHIP. HE REQUESTED THE RELIGIOUS SERVICES POLICY FOR NCDPS PRESENT AT HIS HEARING. HE REQUESTED A DETAILED EXPLANATION AS TO WHY HE WAS DENIED ACCESS TO THE AREA AND OTHER INMATES WERE NOT. HE REQUESTED VIDEO EVIDENCE. HE STATES HE HAS A RIGHT TO ANY RELIGIOUS SERVICE IF HE IS IN THE GENERAL POPULATION. THEN HE WANTS TO KNOW WHY HE WAS ORDERED NOT TO ATTEND THE SERVICE. THERE IS NO LAW IN SUCH AN ORDER. HE HAD THE RIGHT TO DISOBEY THE ORDER BECAUSE HE IS ONLY OBLIGATED TO OBEY LAWFUL ORDERS NOT ONES GIVEN IN VIOLATION OF POLICY. INMATE VERBALLY STATED THE SAME DURING THE HEARING. HE ALSO READ SUPREME COURT RULINGS HE STATED SUPPORTED HIS ACTIONS. THE RELIGIOUS POLICIES FOR JUDAISM AND ISLAM WERE ATTACHED TO THE PACKAGE AND WERE SHOWN TO THE INMATE, HOWEVER THIS DHO ADVISED HIM THAT THEY HAD ABSOLUTELY NO BEARING ON HIS C03 OFFENSE. THE ACCUSING OFFICER, OFFICER D. LEGGITT'S STATEMENT WAS READ TO THE INMATE AND HAS BEEN SUMMARIZED ABOVE. THE VIDEO WAS REVIEWED BY OFFICER K. SMITH, WHO SUBMITTED A WRITTEN STATEMENT INDICATING THAT IT NEITHER ADDED TO OR TOOK AWAY FROM THE REPORTING PARTY'S STATEMENT. BASED ON THE REPORTING PARTY'S STATEMENT AND ALL EVIDENCE PROVIDED I AM FINDING THE INMATE GUILTY OF THE C03 OFFENSE WITH PRESUMPTIVE PUNISHMENT IMPOSED TO

DETER THIS TYPE OF BEHAVIOR IN THE FUTURE. APPEAL RIGHTS EXPLAINED AND A FORM WAS PROVIDED. THE A99/A03 WAS DISMISSED AS THE EVIDENCE PRESENTED DID NOT SUPPORT THE CHARGE. 10 DAY EXT. GRANTED BY MR. PENNELL DUE TO DHP SCHEDULE.

(Id.).

As a result of the DHO's findings, petitioner was sanctioned with the following: (1) 30 days of segregation; (2) 20 lost of sentence reduction credits; (3) 30 hours extra duty; and (4) 60 days of suspended visitation and canteen privileges. (Id. at 6). On March 9, 2015, petitioner's disciplinary conviction was affirmed on appeal.[1] (Id. at 2). Petitioner filed a motion for appropriate relief ("MAR") in Wake County Superior Court on April 27, 2015, which was denied on June 28, 2015. (Pet'r. Ex. (DE 1-1) at 1). Although not entirely clear, it appears petitioner subsequently unsuccessfully appealed the denial of his MAR in the North Carolina Court of Appeals and the North Carolina Supreme Court. (Id. at 2-3); see State v. Tyler, 775 S.E.2d 863 (N.C. 2015) (dismissing notice of appeal).[2]

On August 24, 2015, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his disciplinary conviction on the grounds that he was denied due process in his disciplinary proceedings. (Pet. at 2). Respondent filed the instant motion

---

[1] Petitioner argues that DPS officials "evidently threw my appeal away, never answering it." (Pet. 4). This assertion is belied by respondent's summary judgment materials, and petitioner has failed demonstrate that there exists a genuine issue of material fact requiring trial on this issue.

[2] Respondent argues that petitioner's MAR and subsequent appeals were "improperly filed" and are therefore insufficient to exhaust his administrative remedies. (Resp't. Mem. (DE 15) at 7-9). The court assumes without deciding that petitioner has given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, the petition will not be dismissed for failure to exhaust, and the court will address the merits.

3

for summary judgment on May 12, 2016, and petitioner filed a timely response. In this posture, the issues raised are ripe for adjudication.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Petitioner contends the DHO's decision violated his due process rights. The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to

4

Case 5:15-hc-02191-FL   Document 22   Filed 03/02/17   Page 4 of 6

institutional safety or correctional goals. Id. at 564-566.

Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 454. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

The evidence presented during petitioner's disciplinary hearing is summarized above, and the court finds that this evidence satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Walpole, 472 U.S. at 454–56; Baker, 904 F.2d at 932. As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Likewise, petitioner was afforded an opportunity to call witnesses. Thus, there is no due process violation.

Indeed, petitioner appears to concede that he disobeyed on order. In his petition, he indicates that, after being ordered to exit the chapel, he thought "'they must be jesting' [and] instead headed for the chapel entrance." (Pet. at 2). Although petitioner purports to challenge the due process he received during his disciplinary proceedings, the crux of his argument challenges his conditions of confinement. For example, he asserts in his petition that DPS officials at Scotland have "made ALL religions into 'members only' clubs." (Id.). Likewise, petitioner's response to the instant motion for summary judgment focuses almost exclusively on the argument that DPS policies violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. (See,

5

e.g., Pet'r. Mem. (DE 18)). Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A state inmate challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983. Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). Thus, in order to challenge his conditions of confinement, petitioner, a state inmate must file a § 1983 action.[3] The court informs petitioner that he must exhaust his available administrative remedies prior to filing a § 1983 action. See 42 U.S.C. § 1997e(a).

For these reasons, respondent's motion for summary judgment is ALLOWED, and the instant petition is DISMISSED. The clerk of court is DIRECTED to send petitioner the civil rights package.

**CONCLUSION**

For the aforementioned reasons, respondent's motion for summary judgment (DE 12) is GRANTED. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case, and to send petitioner the civil rights package.

SO ORDERED, this the 2nd day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The instant petition involves petitioner's attempt to attend an Islamic worship service. (Pet. at 2). Petitioner has previously filed a § 1983 complaint asserting that DPS officials infringed upon his right to practice Judaism. Tyler v. Lassiter, No. 5:13-CT-3139-FL, 2016 WL 866325, at *7-8 (E.D.N.C. Mar. 3, 2016) (dismissing Tyler's First Amendment claim).